CICCARONE v. BROWN.

(Supreme Court, Appellate Term.  March 8, 1912.)

CONTRACTS (§ 28*)—ACTIONS—ADMISSION OF EVIDENCE.

    Plaintiff relied on defendant's breach of an oral contract by which plaintiff agreed to furnish defendant necessary material and labor for certain foundation walls.  Plaintiff testified that he commenced work, but was prevented from completing the contract, to his damage.  Defendant claimed that the conversation plaintiff relied on, as an oral agreement, was merely a preliminary discussion; and the evidence showed that defendant thereafter prepared a written contract, which was not signed by plaintiff, but upon which he made numerous corrections.  *Held*, that it was reversible error to exclude questions by defendant as to plaintiff's corrections on the written contract; the evidence going to the probabilities of his testimony that an oral contract was executed.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133–140, 1755, 1782–1784; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Adamo Ciccarone against Benjamin C. Brown.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Alexander & Ash (Charles Trosk, of counsel), for appellant.

Wahle & Kringel (H. Lionel Kringel, of counsel), for respondent.

GUY, J.  The defendant appeals from a judgment in favor of plaintiff.  The appellant's brief on the motion to set aside the judgment is mainly taken up with a discussion of the weight of evidence as to whether or not a contract was actually made between plaintiff and defendant.  On this point the verdict of the jury might well be taken as conclusive, but for erroneous rulings excluding relevant testimony bearing upon this question at issue.

Plaintiff testified as to an oral contract made with the defendant, whereby plaintiff agreed to furnish defendant, and defendant employed plaintiff to furnish him, with the necessary materials and labor for concrete footing and rubble foundation walls for a new building to be erected by defendant at the agreed price of $675.  Plaintiff testified that, pursuant to said agreement, he commenced work, expended moneys, and hired help, but was prevented by defendant from completing the contract, whereby plaintiff was damaged in the sum of $156.  Defendant contended that the conversation with plaintiff did not result in the making of a contract, but was merely a preliminary discussion of terms.

The evidence shows that the defendant, following such preliminary discussion, prepared a written contract, which was never signed by the plaintiff, but upon which it was proven that plaintiff made numerous corrections.  Defendant's counsel, with a view to showing there was no meeting of the minds of plaintiff and defendant as to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the essentials of a contract, asked the plaintiff numerous questions based upon the written contract and upon plaintiff's written corrections thereof. This evidence was excluded, on the ground that such contract was not signed by, and did not bind, the plaintiff. The questions which were excluded, however, were clearly permissible and relevant on cross-examination, as going to the probabilities of plaintiff's testimony that an oral contract had been entered into between himself and the defendant. The exclusion of this evidence was, therefore, prejudicial to the defendant, and constituted reversible error.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

